COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-152-CR

  
RANDAL 
GENE SKIPWORTH                                                   APPELLANT

 
V.

 
THE 
STATE OF TEXAS                                                                  STATE

 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
I. Introduction
        In 
two points, appellant Randal Gene Skipworth (Skipworth) complains that his 
motion to suppress was improperly denied because (1) the relevant search warrant 
was without probable cause which violated the Fourth Amendment to the United 
States Constitution and (2) the “no-knock” entry onto the premises violated 
the Fourth Amendment to the United States Constitution. Pursuant to a plea 
bargain, Skipworth pled guilty to the felony offense of possession of 
methamphetamine, enhanced by two prior felony convictions, and was sentenced to 
forty years in the Institutional Division of the Texas Department of Criminal 
Justice.
II. Procedural and Factual Background
        The 
residence at 4212 John Court, Flower Mound, Denton County, Texas, was the object 
of a March 2, 2001 search warrant. The request for the search warrant was 
supported by the following affidavit:
  
Your 
Affiant is Investigator Ron Atkins, a Peace Officer under the laws of the State 
of Texas, employed by the Lewisville Police Department and has been employed as 
a Police Officer for the past (25) twenty five years. Your Affiant is currently 
on special assignment attached to the North Central Texas Narcotics Task Force.
 
Your 
Affiant has personally set up three individual drug purchases where Tresa 
Rateliff has met a confidential informant or the confidential informant and 
another narcotics officer and took money for the purchase of methamphetamine. 
Tresa Rateliff the [sic] left location and drove directly to 4212 John Court, 
Flower Mound, Denton County, Texas. Investigator Atkins personally followed 
Rateliff until she pulled into the driveway of the residence and went inside. 
Rateliff stayed (6) six minuets [sic] and then left the residence and drove back 
to the C.I. and delivered 2.2 grams of Methamphetamine. This was observed in the 
past (72) seventy-two hours.
 
Your 
affiant has personal knowledge that the same set of circumstances have taken 
place on two previous occasions, 1-04-01 and on 2-08-01. On all three occasions 
Investigator Atkins provided the Confidential Informant with official narcotics 
imprest [sic] funds to purchase narcotics, and searched the defendant’s person 
for cash or contraband prior to him/her making the narcotics purchase. On [a]ll 
three occasions Investigator Atkins has followed Tresa Rateliff directly to the 
residence located at 4212 John Court where she went in and stayed a few minuets 
[sic] and then left and drove directly back to the C.I. and delivered 
Methamphetamines in return for the money received.
 
Your 
affiant believes the confidential informant to be credible for the following 
reasons:
 
1.The 
confidential informant has worked with the North Central Texas Narcotics Task 
Force (NCTNTF) for a period of over five months.
 
2.During 
the last five months the confidential informant has assisted the NCTNTF in 
making numerous purchases of narcotic substances and has given information on 
numerous occasions that proved to be true and correct.
 
3.The 
confidential informant has been personally trained in the identification of 
controlled substances and illegal drugs by members of the NCTNTF. The 
confidential informant has been trained to identify the controlled substances 
and illegal drugs by appearance, texture, smell, and by methods of packaging.
 
4.It 
is the belief of your Affiant that drugs are being sold out of 4212 John Court, 
Flower Mound, Denton County, Texas [d]ue to the fact that a know[n] drug dealer 
([T]resa Rateliff) has taken money from my confidential informant on three 
different occasions on [sic] drove directly to that residence and stayed only 
minuets [sic] and returned to the confidential informant and delivered 
methamphetamine. Also Thomas Cox, who is employed with the Flower Mound Police 
Department, has informed your affiant that he has received drug related 
complaints on this residence in the past.

  
        On 
the evening of March 5, 2001, members of the North Central Texas Narcotics Task 
Force entered the residence simultaneously through the front and back doors 
without knocking or announcing their presence. Skipworth and his thirteen year 
old daughter were found inside the residence. Drug paraphernalia, $1803 in cash, 
$1050 in money orders, 96.7 grams of methamphetamine, and 3.3 ounces of 
marijuana were seized. As a result, an indictment of Skipworth was filed 
September 6, 2001 for one count of possession of methamphetamine and one count 
of possession of marijuana, enhanced by two prior offenses. The motion to 
suppress and brief to the court were filed March 7, 2003, and a hearing was held 
the same day. The motion was denied by order March 10, 2003. Pursuant to a 
subsequent plea agreement, Skipworth pleaded guilty and agreed to a forty-year 
prison term, which plea the court accepted and assessed punishment pursuant to 
the terms of the agreement on March 28, 2003. This appeal is pursuant to Rule 
25.2(a)(2)(A) of the Texas Rules of Appellate Procedure. In both points, 
Skipworth complains that his rights under the Fourth Amendment of the United 
States Constitution were violated, and his motion to suppress, therefore, was 
erroneously denied.
III. Standard of Review
        A 
motion to suppress is reviewed under the abuse of discretion standard, giving 
almost total deference to a trial court’s determination of historical facts, 
while reviewing de novo, the trial court application of the law of search 
and seizure. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Guzman 
v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Absent stated grounds 
in the trial court’s order denying the motion to suppress, as is the case 
here, the record is reviewed in the light most favorable to the trial court’s 
ruling, which will be sustained if reasonably supported by the record on any 
theory applicable to the case. Balentine v. State, 71 S.W.3d 763, 768 
(Tex. Crim. App. 2002).
IV. Standing
        As 
the motion to suppress was Skipworth’s, he bore the burden of proof, including 
the issue of standing, that is, that he had a legitimate privacy interest in the 
premises at 4212 John Court. Granados v. State, 85 S.W.3d 217, 222-23 
(Tex. Crim. App. 2002). Skipworth and the State agree that six factors warrant 
this court’s consideration in determining whether a legitimate privacy 
interest existed; that is, was the expectation of privacy reasonable. Id. 
Those factors are: (1) did Skipworth have a property or possessory interest in 
4212 John Court; (2) did he have an legitimate presence at 4212 John Court; (3) 
did he exercise complete dominion or control of the location and have the right 
to exclude others; (4) prior to the search of 4212 John Court, did he take 
normal precautions customarily taken by those seeking privacy; (5) was 4212 John 
Court put to some private use by him; and (6) was his claim of privacy 
consistent with the historical notion of privacy. Id. The evidence 
addressing these factors is sparse and limited to one question and to one 
answer. At the motion to suppress hearing, the following exchange took place 
between Skipworth and his counsel:
  
“Q: 
[Skipworth’s counsel] But you had access and you were allowed to be there? 
[Referring to 4212 John Court]
A: 
Yes, Sir.”

  
        Skipworth’s 
argument on appeal regarding the standing issue is limited to two sentences:
Appellant’s 
uncontroverted testimony at the hearing on the Appellant’s Motion to Suppress 
was that Appellant had access and a right to be on the premises. The State did 
ask Appellant questions on this issue and the record is sufficient to show that 
Appellant had standing to contest the search of the premises.

  
        Yet, 
the one question and answer only addresses one of the six relevant factors we 
are to consider, i.e., legitimate presence. There is no evidence that Skipworth 
had a property or possessory interest in the location, had complete dominion or 
control and the right to include others, took normal precautions customarily 
taken by those seeking privacy, put the location to some private use, or that 
Skipworth’s claims of privacy are consistent with the historical notions of 
privacy. Bearing in mind that mere guests in a residence do not have standing, Villarreal 
v. State, 935 S.W.2d 134, 134 (Tex. Crim. App. 1996), and mere presence in a 
premises does not automatically legitimize a challenge to the legality of a 
search, Castro v. State, 914 S.W.2d 159, 164 (Tex. App.—San Antonio 
1995, pet. ref’d), we cannot say that Skipworth has met his burden of proof on 
this issue. Accordingly, the trial court did not abuse its discretion in denying 
Skipworth’s motion to suppress.
V. Conclusion
        Because 
Skipworth does not have standing, no Fourth Amendment constitutional rights were 
in play, and points one and two are overruled. The judgment of the trial court 
is affirmed.

  
                                                          BOB 
MCCOY
                                                          JUSTICE

  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 25, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.